IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIE HAYES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. 08-682 ) Judge Fischer ) Magistrate Judge Caiazza ) |
| HARRY WILSON, et al., | ) ) |
| Defendants. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I. RECOMMENDATION**

Because the Plaintiff has failed to sign an authorization which would allow the institutional account officer to deduct a partial filing fee, it is respectfully recommended that this action be dismissed without prejudice. The Plaintiff should be permitted to re-file this action within the applicable statute of limitations period by paying the full filing fee of $350.00.

**II. REPORT**

The Plaintiff, Willie Hayes, an inmate confined under judgment of sentence at the State Correctional Institution at Fayette, LaBelle, Pennsylvania, filed this lawsuit under the Civil Rights Act of 1871, 42 U.S.C. §1983, against Harry Wilson and others, who are the Defendants in this action. Together with the complaint, the Plaintiff filed an application for leave to proceed in forma pauperis.

The Prison Litigation Reform Act of 1996, 28 U.S.C. §1915(b), as amended on April 26, 1996, requires that prisoners who cannot pay the full filing fee immediately, submit an initial partial filing fee and the balance in installment payments. Consistent with that Act, the court entered an Order (Doc.4) on June 4, 2008, that did the following:

> 1. Computed the proper initial partial filing fee and informed the plaintiff of that amount;
>
> 2. Directed the plaintiff to either:
>
>> a. sign an authorization which would allow the institutional account officer to deduct the partial filing fee and pay it into the court; or
>>
>> b. sign a form indicating that, whether for financial reasons or otherwise, he chose to withdraw the action;
>
> 3. Instructed the Plaintiff to return the signed authorization or notice of withdrawal within twenty days.

The Plaintiff has not returned a signed notice of the withdrawal of this action. Neither has he returned a signed authorization which would allow the institutional account officer to deduct the partial filing fee and pay it into court. Because the court will not direct the prison to withdraw money from the Plaintiff's institutional account and pay it into the court until the Plaintiff authorizes such withdrawal, the initial partial filing fee in this case will never be paid.

The Plaintiff's refusal to comply with the directions contained in the court's June 4, 2008 order makes it impossible for the court to comply with Congress' amendments to the law regulating the manner in which <u>in forma pauperis</u> prison litigation is to be administered. Because the Plaintiff has not complied with this court's order, it must be concluded that he no longer desires to maintain this action.

It is respectfully recommended that the Plaintiff's application to proceed <u>in forma pauperis</u> be denied, and that this action be dismissed, without prejudice. The Plaintiff should be permitted to re-file this action within the applicable statute of limitations period by paying the full filing fee of $350.00.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by July 28, 2008.

July 10, 2008
<u>s/Francis X. Caiazza</u>
Francis X. Caiazza
U.S. Magistrate Judge

cc:
WILLIE HAYES, GR3325
SCI Fayette
50 Overlook Dr.
LaBelle, PA 15450